PHILLIP BYRNE, Appellant, *v.* DICKINSON B. MOREHOUSE *et al.*, Appellees.

APPEAL FROM JO DAVIESS.

Parties are estopped by the recitals in their deed.

Where commissioners to allot government land in Galena, decided that A. B. and C. were entitled to the preëmption to two lots, and a partition of the same was made by deed between them, each would hold under the partition deed, whatever their anterior rights might have been.

THIS was an action of ejectment, declaring for the undivided half of lot No. 8, block A, in the city of Galena, county of Jo Daviess, Illinois.    Plea, general issue.

Stipulation by parties, upon which cause was tried.

Lot entered by David Smith and John McNulty, July 26, 1837. May 29, 1838, deed of partition made of said lot between Smith, McNulty and James Nagle.    Recorded July 26th, 1839.

Wm. Navin recovered judgment against said Nagle, before a justice of the peace, and filed transcript in the clerk's office of the Circuit Court.    Execution issued, and all of Nagle's interest in said lot was sold by the sheriff, to Wm. Navin, 16th September, 1840.

Phillip Byrne, the plaintiff, recovered judgment in the Circuit Court, October term, 1841, against Nagle, and redeemed from Navin's judgment, and sold the interest of Nagle and got sheriff's deed, December 27, 1841.

It is admitted that all the proceedings under said sales were regular, and all the title Nagle ever had in said lot vested, and still vests, in the plaintiff.

Defendants' possession admitted.

Defendants have undivided half of said lot, and plaintiff seeks to recover the other half.

Cause to be submitted on this statement upon the construction of the partition deed, as to the interest the parties took under said deed, for a trial; either party to appeal, if desired.

Court found an estate in fee of the undivided one-fourth part of the said premises in the plaintiff.

Court overruled motion for new trial, and rendered judgment on the finding, to which plaintiff excepted, and prayed an appeal, which was granted.

Errors assigned:

1.   The court erred in finding that plaintiff was entitled to only one-fourth interest in the said premises, instead of one-half of the same.

2.   The court erred in overruling plaintiff's motion for a new trial.

32 602
127 561
22 603
151 541

22 603
160 174

22 603
158 607

22 603
215 1356

3. The court erred in rendering the judgment aforesaid in manner and form aforesaid.

Cook & Glover, for Appellant.

M. Y. Johnson, for Appellee.

Caton, C. J. The only question which this record presents, arises upon the deed of partition executed on the 29th of May, 1838, by McNulty, Smith and Nagle. That deed must receive the same construction, now that the grantees of the parties to it are contesting their respective rights arising under it, as if this controversy had arisen between the original parties to the deed. That deed recites that whereas Wann, Turney and Leach, commissioners on behalf of the United States, did, on the 28th of February, 1838, certify that McNulty, Smith and Nagle, were entitled to a pre-emption to lots eight and nine, in Galena, as will more fully appear by the certificate of the commissioners, therefore the parties, did by that deed, make a full, perfect and absolute partition of the said lot of land to and among them, in two parts. The deed then proceeds to assign one portion of lot nine to Smith and the other portion of lot nine and the whole of lot eight to McNulty and Nagle, Smith conveying his interest in the portion assigned to McNulty and Nagle to them, and they conveying the portion assigned to Smith to him. In an agreed statement of facts, it is admitted that the two lots in question, were entered by McNulty and Smith on the 26th day of July, 1837, and a certificate of entry duly issued to them, by the land officers. The question now is, whether Nagle took by the partition deed one-half, or one-fourth of the portion of land, assigned to McNulty and Nagle. The facts admitted show that the legal title, both at the time of the award of the commissioners and also at the time of the execution of the deed of partition, was vested in McNulty and Smith alone. How it is, that the commissioners appointed by the general government to award pre-emptions to certain lands in Galena, should be deciding upon lands already entered by individuals, and which entry does not appear to have been disputed or questioned, is not shown by this record. But we shall not trouble ourselves with that inquiry,—we will content ourselves with construing the deed with the light before us.

The award of the pre-emption, to the three, could not of itself convey to them the legal title, had it still remained in the United States, much less could it divest the title previously vested in McNulty and Smith. We recognize, to its fullest extent, the doctrine of estoppel by the recitals in this deed,

which is insisted upon by the counsel for the plaintiff. No party claiming title under that deed, however remotely, can be permitted to deny any fact admitted to exist by those recitals. However contrary to the truth they may be, unless obtained by fraud, they must stand as uncontroverted truth; and whatever rights legitimately arise upon such admitted facts, may be at all times asserted, whether it be to obtain or to defend the possession of such rights. What fact, is by this recital admitted to exist? It is simply, that the commissioners awarded to the three a preemption to land which is the subject of partition by the deed. As already stated, that award by the commissioners, did not invest Nagle with any title, nor did it divest McNulty and Smith of any title. The legal title to the land continued precisely as it was before. Strike out of the deed this recital and Nagle took one-half of the title which Smith conveyed to him and McNulty, and McNulty took the other half, leaving Nagle possessed of the title to one-fourth of the premises, and McNulty of three-fourths. If the recital in the deed had been that Nagle was at the time of its execution, a joint owner of the premises with the others, or that he was invested with any portion of the title to them, effect would have to be given to the deed, as if such fact were true, although it might be admitted on the trial that it was false. Such, however, is not the case. The admission is, that the commissioners awarded to him jointly with the others, a pre-emption right to the premises,—that is, a right in preference to all others, to purchase them of the government at a certain price. Suppose the fact admitted by this recital were not in the deed, but had, upon the trial been admitted to be true, could it have the effect to make Nagle a joint owner of the land with the others, at the time of the execution of the deed of partition? Probably, no one would ever insist that such a result would flow from the existence of such a fact. This it seems to us decides this whole case. We may conclude that both McNulty and Smith recognized in Nagle some right or interest to these premises as flowing from this award of the commissioners, but whatever that right may have been, it was of an equitable and not of a legal character. Whether it was a tangible equitable right, capable of being established in a court of equity, it is not for us now to say. We concur with the court below in the construction given to this deed, and affirm the judgment.

*Judgment affirmed.*