GEORGE PINCKARD

v.

GEORGE MILMINE et al.

1. ESTOPPEL—by deed.  A party claiming under a deed can not be permitted to deny any fact admitted to exist by the recitals therein.  Whatever rights legitimately arise on such admitted facts may at all times be asserted, whether it be to obtain or to defend the possession of such rights.

2. SAME—to deny name of grantee in deed.  The fact that one of the grantees or mortgagees in a deed or mortgage is described by a wrong name, will not invest such party with the right to sue in a fictitious name; and if he sues, not in his real name, but in the name as stated in the deed, the grantor or mortgagor will not be estopped from pleading the misnomer in abatement.

3. MISNOMER—may be avoided by averment and proof.  Where a contract or deed is executed to a party by a wrong name, he must, nevertheless, sue in his proper name, and may aver in his declaration that the defendant made the deed or contract to him by the name mentioned therein.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. REED & BARRINGER, and Messrs. CREA & EWING, for the appellant.

Messrs. LODGE & HUSTON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by George Milmine and Edwin C. Bodman against George Pinckard, to recover the lands described in the declaration, which premises they claimed "in fee simple, as mortgagees of Charles Fisher, for condition broken."

Defendant filed a plea in abatement, in which he averred the "said Edwin C. Bodman," one of the plaintiffs, was named Edward C. Bodman, and not Edwin C. Bodman.  The plea was, in all respects, formal; was subscribed and sworn to by defendant.

Plaintiffs replied, they claimed possession of the property in the declaration mentioned under a mortgage made by Charles Fisher to plaintiffs, by the names of *Edwin* C. Bodman and George Milmine, the condition of which mortgage had been broken, and that defendant holds possession of the same premises as tenant of Robert Fisher, who bought the same of Charles Fisher after the execution of the mortgage and subject to the lien thereof, and hence they aver defendant is estopped to deny the name of plaintiff, Bodman, as stated in the mortgage. A general demurrer was interposed to this replication, which was, by the court, overruled, and the defendant electing to stand by his demurrer, judgment was rendered for the plaintiffs.

The demurrer ought to have been sustained.

We recognize the doctrine of estoppel by the recitals in a deed, and that a party claiming under such deed can not be permitted to deny any fact admitted to exist by such recitals, as that doctrine is declared in *Byrne* v. *Morehouse et al.* 22 Ill. 603, and *Riggs* v. *Cook,* 4 Gilm. 336. The principle of these cases is, that whatever rights legitimately arise on such admitted facts may at all times be asserted, whether it be to obtain or defend the possession of such rights.

But what fact did the grantor in this case admit by the recitals in the mortgage? Simply that he conveyed the land to plaintiffs, but to one of them by a wrong name. This fact the grantor and all persons claiming under him, however remote, are estopped to deny. So far as they are concerned, it must stand as an incontrovertible fact. But can it be that this admission in the mortgage, however conclusive as against the grantor and all privies in estate, invests plaintiff with the right to sue in courts of law in a fictitious name? There is nothing in the mortgage that admits plaintiff's right to sue in an unreal name. Parties can only sue in their true names. Where the contract or deed is executed to them by a wrong name, nevertheless plaintiffs must sue in their proper names, and may aver in the declaration that defendants made the

deed or contract by the name mentioned. *Board of Education* v. *Greenebaum*, 39 Ill. 609.

For the error of the court in overruling the demurrer, the judgment will be reversed and the cause remanded.

*Judgment reversed.*