## TRUSTEES OF SCHOOLS, etc.,

### v.

## ANDREW F. RODGERS ET AL.

1. SUIT ON BONDS—PLEADING.—Where a bond is made to a corporation by a name varying from the true name, the plaintiffs may sue in their true names and aver in the declaration that the defendants made it to them by the name mentioned in the deed. So, a bond made to the "Board of Trustees of Township No. 5," etc., may be sued on in the name of the "Trustees of Schools of Township No. 5," etc., and there is no force in the objection that there is a variance between the instrument sued on and the one offered.

2. AMBIGUITY.—Where a bond was given describing the obligees as "Board of Trustees of Township No. 5, Range No. 9," but omitting the name of the county, there is a latent ambiguity that may be aided by averment.

APPEAL from the Circuit Court of Madison county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Messrs. BRENHOLT & GILLESPIE, for appellants; that a bond

given to a school district or township, without stating the county, is good, cited Hurlestrom on Bonds 5; Cartridge v. Griffetis, 1 B. & Ald. 57; State v. Boring, 15 Ohio 616; Smith v. Croker 5 Mass. 538; Stuhl v. Berger, 10 Serg. & R. 179; Wolley v. Coostant, 4 Johns. 59; Speaker v. United States, 9 Cranch, 28.

As to the right to fill the blank: McCormick v. Bay City, 23 Mich. 461; Bartlett v. Board of Education, 59 Ill. 364; State v. Kirby, 9 Mo. 398.

A bond given to a corporation by a wrong name is good: Warren v. Phillips, 30 Bart. 646.

Generally, as to the right to recover : Chicago v. Sage, 12 Chicago Legal News, 234 ; Cawley v. The People, 12 Chicago Legal News, 304 ; Fissi v. Ernstein, 5 Mo. App. —; Bartlett v. Board of Education, 59 Ill. 364.

The latent ambiguity in the bond can be explained : Bybee v. Hageman, 66 Ill. 519 ; Billings v. Kankakee Coal Co. 67 Ill. 489.

The action was properly brought as to description of parties : Pope County v. Shephard, 87 Ill. 585; Kagay v. Trustees, 68 Ill. 75.

Messrs. WISE & DAVIS, for appellees, that the instrument mentions no obligee, and is void as a statutory or common law bond, cited Arter v. The People, 54 Ill. 228; Roberts v. Orendorf, 81 Ill. 230.

The contract of sureties is construed strictly and cannot be aided by allegations in the pleadings : Boice v. Gilbert, 29 Ill. 527 ; Arter v. The People, 54 Ill. 228 ; Arter v. Cairo Democrat, 72 Ill. 434 ; Trustees v. Otis, 85 Ill. 179.

The judgment below being erroneous as to costs only, a remittitur as to that will cure the error: Trustees v. Hihler, 85 Ill. 409; Dowty v. Hotz, 85 Ill. 525.

WALL, P. J. This was an action of debt, brought by the appellants, against the appellees, in the Circuit Court of Madison county. The declaration alleged that Stephen A. Albro was, on the 8th of April, 1878, duly appointed township treasurer

of Township No. 5, Range 9, in Madison county, Illinois, and on the same day entered into bond, in the penal sum of five thousand dollars, with Andrew F. Rodgers and William Gill as his sureties, and that by said writing obligatory, which, by mistake, bore date April 9, 1879, the defendants jointly and severally acknowledged themselves to be held, and firmly bound unto the plaintiffs, by the name and style of the Board of Trustees, of Township No. 5, Range 9, in the penal sum of five thousand dollars, etc., setting out the condition, etc., and alleging that the bond was on the same day approved and accepted by said board, and on the following day was filed in the office of the county superintendent of schools, of said Madison county, and duly approved by him, and that the said Albro thereupon entered upon the duties of his office. The declaration then assigned breaches of the condition of the bond. The defendants demurred to the declaration craving· oyer of the bond, which was set out in the demurrer. The court sustained the demurrer, and plaintiffs elected to stand by their declaration. The case is brought here by appeal, and the ruling of the circuit court is assigned as error.

The bond sued on is in the words and figures following:

"State of Illinois.    Township Treasurer's Bond.

"STATE OF ILLINOIS, } ss.
    —— COUNTY, }

"Know all men by these presents, that we, Stephen A. Albro, Wm. Gill and Andrew F. Rodgers, are held and firmly bound, jointly and severally, unto the Board of Trustees of Township No. 5, Range No. 9, in said county, in the penal sum of five thousand dollars, for the payment of which we bind ourselves, our heirs, executors and administrators, by these presents. In witness whereof we have hereto set our hands and seals, the 8th day of April, A. D. 1879. The condition of the above obligation is such, that if the above bounden Stephen A. Albro, Township Treasurer of township No. 5, range No. 9, in the county aforesaid, shall faithfully discharge all the duties of said office, according to the laws which now are or hereafter may be in force, and shall deliver to his successor in office all moneys, books, papers, securities and property in his hands as Township Treas-

urer, then this obligation to be void, otherwise to remain in full force and virtue.

"STEPHEN A. ALBRO,        [SEAL.]
" A. F. RODGERS,            [SEAL.]
" WM. GILL,                 [SEAL.]

" Approved and accepted by
" C. H. FLICK,
" B. F. CULP,
        " Trustees.
" Filed this 9th day of April, A. D. 1878.
        " B. F. SIPPY, County Superintendent."

It is insisted that the bond is void because there is no obligee named therein. Sec. 22, Ch. 122, R. S. 1874, provides that each congressional township shall be a township for school purposes, and such territory and its school fund shall be managed by the Board of Trustees, and that the business of the township shall be done by the trustees, three in number, who shall be a body politic and corporate, by the names and style of "Trustees of Schools of township,—— range ——," according to the number. Sec. 55 of the same chapter provides for the giving of the bond by the township treasurer, and a form of the instrument is set out. This form is followed in the present case, with the exception that the county is left blank.

It will not be urged, we presume, that it is essential to the validity of the bond that it should be literally in compliance with the statute. The statute is directory, and if the bond is substantially as required, there is no valid objection. In the case of Kagay v. Trustees, etc., 68 Ill. 75, it was objected that the bond offered in evidence, which was payable to the Board of Trustees, etc., was variant from that sued on, which was alleged to be payable the " trustees of schools, etc.," but it was held that there was no force in the objection. In Chadsey v. McCreery, 27 Ill. 253, and Board of Education v. Greenebaum, 39 Ill. 619, it was held that the transposition, interpolation, omission or alteration of some of the words going to make up the name of a corporation is not material if it makes no essential difference in the sense.

In the declaration in this case there is a clear and distinct

averment that the bond in question was by the defendants made and executed, and that thereby the defendants acknowledged themselves to be held and firmly bound unto the plaintiffs (who are the Trustees of Schools of Township Five, Range Nine, Madison County, Illinois), by the name and style of the Board of Trustees of Township Five, Range 9. The declaration therefore, alleges that the bond was made to the plaintiff by a name and description different from that prescribed by the statute. The demurrer admits all the averments in the declaration which are well pleaded, and the question is whether the facts thus alleged constitute a cause of action. In the case of The New York African Society, etc. v. Varick et al. 13 Johns. 38 it was said: "Where a deed is made to a corporation by a name varying from the true name, the plaintiffs may sue in their true name and aver in the declaration that the defendant made it to them by the name mentioned in the deed."

This case is quoted and the doctrine approved in Board of Education v. Greenebaum, 39 Ill. 614; see also Angell & Ames, on Corporations, page 77, and Pinckard v. Milmine, 76 Ill. 453. The whole subject is elaborately discussed in the case of the Mayor and Burgesses of Lynn Regis, Coke's Report, 10–125 b., where the rule above stated was declared and followed.

Where an obligation is given to one by a wrong name, it would be highly unjust to permit the obligor to escape liability upon this ground. He knew when he gave it how the obligee was described, and having obtained the advantage or received the trust to which the giving of the bond was a necessary condition precedent, he cannot be heard to say that though the description was intended for the obligee, yet as it is not strictly accurate, there shall be no liability.

Such a defense is without the support of reason or authority. But it is urged that there is on the face of the bond such patent ambiguity as will avoid it, and that this ambiguity can not be aided by averment.

It is said that within this state are several townships to which this description may apply. If there is ambiguity in this respect, it is not patent.

Lord Bacon says: "There be two sorts of ambiguities of

words; the one is *ambiguitas patens*, and the other *latens*. *Patens* is that which appears to be ambiguous upon the deed or instrument. *Latens*, that which seemeth certain and without ambiguity, for anything that appeareth on the deed or instrument, but there is some collateral matter out of the deed that breedeth the ambiguity."

Looking at this instrument alone, it cannot be said that it would convey the notion that there is more than one township to which the description given could refer. It is only when we consider in connection with it the map of the state, and note the fact that townships may be north or south of base lines, and east or west of principal meridians, and that the boundaries of Illinois would include several townships, 5, 9, that ambiguity is manifest. It is *dehors* the deed, is latent, and may be "holpen by averment." Greenleaf on Evidence, Vol. 1, Sec. 297.

The cases of Dougherty v. Purdy, 18 Ill. 206; Clark v. Powers, 45, Ill. 283; and Bybee v. Hageman, 66 Ill. 519, announce and enforce the principle here stated.

The judgment is reversed and the cause remanded.

Reversed and remanded.