# WILLIAM ELLISON AND JOSEPH ELLISON
## v.
# SALEM COAL & MINING COMPANY ET AL.

*Fixtures—Mortgages—Liens.*

1. Articles personal in their nature retain the character of personalty by agreement of parties, although the same are attached to the realty in such a manner that without such agreement they would lose that character, provided they are so attached that they may be removed without material injury to the article itself or the freehold.

2. Where chattels are sold to the owner of the soil on an agreement that their character as personal property is not to be changed, and a chattel mortgage is taken thereon to secure the purchase money, a prior mortgagee of the land can not claim them, although subsequently annexed to the freehold.

3. In proceedings to foreclose a chattel mortgage on heavy machinery, a subsequent purchaser of the same and the land upon which it is located, with

notice of the mortgage, takes the premises subject to the chattel mortgage, and a subsequent mortgagee would stand in no better light than a subsequent purchaser.

4. A clause in a real estate mortgage setting forth that it is given subject to a chattel mortgage is notice of such fact to the mortgagee.

5. Where, in such case, the chattel mortgage is not, in fact, executed until after the real estate mortgage, such clause will protect the mortgagee in the chattel mortgage by way of estoppel.

6. Persons named were made defendants to certain cases wherein material-men's liens were sought to be enforced upon the property of a coal company. They set up a lien by virtue of a certain contract and chattel mortgage upon machinery furnished said coal company, and filed a cross-bill to foreclose such mortgage, there being a real estate mortgage upon the property where such machinery was located; this court holds that said cross-bill was properly filed, that the property described in the chattel mortgage was not so attached to the realty as to become a part thereof, and that the lien of the mortgagees therein was not subject to either the lien of the material-men or the real estate mortgagees.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Marion County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. HENRY C. GOODNOW, for appellants.

Chancery has jurisdiction to foreclose a chattel mortgage. McCauley v. Rogers, 104 Ill. 578; Gaar, Scott & Co. v. Hurd, 92 Ill. 315; 2 Story's Equity, Sec. 1020.

Declaration of mortgagor that he will not carry out contract is reason for mortgagee to take possession under insecurity clause. Furlong v. Cox, 77 Ill. 293; Roy v. Goings, 96 Ill. 361.

Both appellants and the coal company treated the property as personalty. It is the intention of the parties that governs as to the personalty. Sword v. Low, 122 Ill. 487; C. & A. R. R. Co. v. Goodwin, 111 Ill. 273; Dooley v. Crist, 25 Ill. 551.

As these boilers, engine and machinery so furnished did not enter into and form part of the structure, as lumber, stone, shingles, doors, windows, etc., are incorporated into the structure, but retained their identity and did not become a necessary part of the structure, and could be moved in their entirety without material injury, they are personal property. Sword v. Low, 122 Ill. 487.

The title to this property never passed to the coal company. During the time appellants were placing the property in position they had possession and control of the property and when so placed in position the coal company executed the chattel mortgage, leaving the title to such property in them. In equity the execution of the contract, placing the property in position under it and the execution of the chattel mortgage was only one transaction, and this transaction could not affect third parties injuriously because the chattel mortgage was not upon record on the 14th day of June, 1887, when the contract was made, appellants being in possession and control of the property.

A man is said to be estopped when he has done some act which the policy of the law will not permit him to deny. 1 Greenleaf's Evidence, 13th Ed., 28, Section 22. If it be a recital of facts in a deed, there is implied a solemn engagement that the facts are so as they are recited. Same section.

All parties to a deed are bound by the recitals therein which operate as an estoppel. Section 23, page 29, 1 Greenleaf's Evidence, above cited; Wynkoop v. Cowing et al., 21 Ill. 570; Byrne v. Morehouse, 22 Ill. 602; George v. Bischoff, 68 Ill. 236; Lucas v. Beebe, 88 Ill. 427.

Where a party accepts a deed to land containing a recital that the same is subject to an incumbrance he will be bound by the recitals in the same and estopped from disputing the validity of the incumbrance. Ill. Ins. Co. v. Littlefield, 67 Ill. 368.

A party claiming under a deed can not be permitted to deny any fact admitted to exist therein. Pinckard v. Milmine, 76 Ill. 453; International Bank v. Bowen, 80 Ill. 541.

As the Salem Coal & Mining Company is estopped from denying that the material furnished by appellants is personal property, so are the real estate mortgagees. Ballou v. Jones, 37 Ill. 95.

In the absence of fraud, parties to written contract will be estopped from averring anything against the deliberate recitals and admissions contained in the same, especially when it will prejudice and work injury to others who have acted in

good faith upon the belief of the facts as stated in such contract. Wynkoop v. Cowing, 21 Ill. 584.

Where mortgagees take land subject to the payment of another debt the land becomes the primary fund out of which such debt is to be paid. Lilly v. Palmer, 51 Ill. 331; Fowler v. Fay, 62 Ill. 375.

Where parties take a deed for land which expressly states it is made subject to an incumbrance therein described, the law will presume that the incumbrance as it appears on its face, formed a part of the consideration for the deed. Essley v. Sloan, 116 Ill. 391.

Chancery may order mortgaged real and personal property sold together. Wood v. Whelen, 93 Ill. 153.

Mr. T. E. Merritt, for appellees.

The chattel mortgage is statutory and must conform strictly to the provisions of the law. 2 Starr & C. Ill. Stats., 1632, Chap. 95, Secs. 1, 2, 3; Porter v. Dement, 35 Ill. 478.

Nor will actual notice of the mortgage in the event of its not being properly recorded avail to protect the mortgagee. The statute in regard to chattel mortgages is in derogation of the common law and should be strictly construed. Sage v. Browning, 51 Ill. 217.

A chattel mortgage not acknowledged is void as against a junior mortgage, notwithstanding he took with actual notice of the elder mortgage, and the rule in regard to the effects of actual notice of an unrecorded deed of realty has no application to the case of a chattel mortgage not legally executed and acknowledged. Forest v. Tinkham, 29 Ill. 141; Frank v. Miner, 50 Ill. 444.

In appellants' case no mortgage was in existence at the time and not until long afterward. Sword v. Low, 122 Ill. 487.

"Such articles as portable mills, engines and boilers more or less firmly affixed to the realty, will, in the absence of circumstances showing a contrary intention, be presumed to have been attached as permanent accessions to the soil. The tests are: First, actual annexation to the realty; second, application to use in connection with the realty; and third, the intention of the parties making the annexation to make a perma-

nent accession to the freehold." Arnold v. Crowder, 81 Ill. 56.

"Fixtures designed for permanent use and of benefit to the land are presumed to be real estate and pass under the mortgage afterward made, as platform scales let into the ground of a farm." Wood v. Whelen, 93 Ill. 153.

"Fixtures put on by the mortgagor after execution of the mortgage become part of the realty and subject to the mortgage." Porter v. Cromwell, 40 N. Y. 287.

"A portable grist mill fastened to the floor of a building for use there, is held as realty." Long v. Cockern, 128 Ill. 29.

"A chattel mortgage not acknowledged as required by the statute is void as to creditors and purchasers notwithstanding actual notice." Jenny v. Jackson, 6 Ill. App. 32.

"An engine and machinery, but so fixed that they can not be removed without tearing down the walls of the building where they are placed, are fixtures, and pass as part of the realty. The mere description of them as personal property does not make them so."

PHILLIPS, J. A petition for a lien for material was filed against the Salem Coal & Mining Company and others as defendants, and appellants being defendants to that petition, filed their cross-bill to foreclose a chattel mortgage made by the Salem Coal & Mining Company, and the petitioners for lien, with the Salem Coal & Mining Company and certain of its mortgagees, were made defendants. Certain defendants to the cross-bill of appellants answer, denying equitable right to foreclose the chattel mortgage by decree, and claiming the real estate mortgage is superior to the chattel mortgage. A decree was entered on the petition and the lien and amount found, and finding the property, consisting of a boiler, engine and other machinery in the chattel mortgage mentioned, was attached to the realty so as to become a part thereof, and finding the liens in the order of seniority to be, first, the lien for material, second, a real estate mortgage, and third, the lien of the chattel mortgage. The questions presented by the

assignment of errors arise on the finding of the court that the property in the chattel mortgage was so attached that it became part of the realty, and in finding the lien of appellants to be subject to the lien of the real estate mortgage, and the material-man. The appellants entered into a contract in writing with the Salem Coal & Mining Company on the 14th day of June, A. D. 1887, by which they were to furnish and set up the engines, boilers, and other machinery in the mortgage mentioned, and the company was to pay a certain sum in cash when the work was completed and execute notes for the residue, which notes by the terms of the contract were to be secured by a chattel mortgage on the machinery purchased.

On the same day that the contract in writing was entered into, the Salem Coal & Mining Company executed a mortgage on certain real estate to certain parties, which mortgage included the land on which the machinery, engine and boiler was subsequently placed. That mortgage contains this clause : " This mortgage is given subject to a chattel mortgage given by the company to William Ellison & Son, on engine and machinery purchased from him." After the machinery was furnished and placed in position according to the contract, the company paid the cash payment and executed their notes, and on the 28th of November, 1887, executed their chattel mortgage to secure the note which was duly acknowledged and recorded. The evidence shows the manner the property is attached to the land, and is conflicting as to whether it could be removed without injury to the buildings in which it is, and whether a part of the realty. On the same day the real estate mortgage was executed, the written agreement by which the machinery was to be furnished was entered into. By the terms of that agreement, personal property of the appellants was to be furnished and set up and a chattel mortgage to be executed thereon. At the time of the execution of the real estate mortgage, the machinery to be furnished under the contract was personal property, and it clearly appears to have been the intention of the appellants and the Salem Coal & Mining Company that it should retain its character of personal property after it was set up ready for use, as by the contract it was

treated as personal property, and a chattel mortgage to be executed thereon. The intention of the parties that it should retain its character of personal property must influence in case of doubt. Kelly v. Austin, 46 Ill. 156; Dooley v. Crist, 25 Ill. 551; Smith v. Moore, 26 Ill. 392; Arnold v. Crowder, 81 Ill. 56; Thielman v. Carr, 75 Ill. 385.

In the case of Sword v. Law, 122 Ill. 487, it is said : " There seems to be great unanimity in the authorities that things personal in their nature may retain their character of personalty by the express agreement of the parties although attached to the realty in such manner as that, without such agreement, they would lose that character, provided they are so attached that they may be removed without material injury to the article itself or to the freehold. It is not held that parties may, by contract, make personal property real or personal at will, but that where an article personal in its nature is so attached to the realty that it can be removed without material injury to it, or to the realty, the intention with which it is attached will govern; and if there is an express agreement that it shall remain personal property, or if from the circumstances attending, it is evident or may be presumed that such was the intention of the parties, it will be held to have retained its personal character." It has been held that where chattels are sold to the owner of the soil on an agreement that their character as personal property is not to be changed, and a chattel mortgage is taken, thereon to secure the purchase money, a prior mortgagee of the land can not claim them, although subsequently annexed to the freehold. Tifft v. Horton, 53 N. Y. 377; Voorhis v. McGinnus, 48 N. Y. 278. So, also, in a proceeding to foreclose a chattel mortgage on a steam mill, it was held that subsequent purchasers of the mill and land with notice of the mortgage, took the premises subject to that chattel mortgage. Grether v. Alexander, 15 Ia. 470. A subsequent mortgagee would stand in no better position than a subsequent purchaser.

The written agreement and the chattel mortgage shows the intention of the parties in this case. Some of the officers of the coal company who executed the mortgage and written

agreement in behalf of the company are also mortgagees. In the real estate mortgage it is expressly provided that it is subject to a chattel mortgage given by the company to William Ellison & Son on the engine and machinery purchased from him. That provision in the deed is notice to the mortgagee. It is urged, however, that as the chattel mortgage was not then executed, that that provision of the real estate mortgage was not true. It is, however, notice that will protect Ellison & Son by way of estoppel. Ill. Ins. Co. v. Littlefield, 67 Ill. 369; Pinckard v. Milmine, 76 Ill. 453.

But it is not necessary for appellants to invoke that provision by way of estoppel, as we hold that the prior mortgagee can not claim this property as realty, although subsequently attached to the freehold, where purchased as personalty, and by agreement to retain that character. The appellants had a right to file their cross-bill to foreclose their mortgage by decree of court. McCauley v. Rogers, 104 Ill. 578; Gaar, Scott & Co. v. Hurd, 92 Ill. 315. The property in the chattel mortgage described was not attached so as to become a part of the realty; nor was the lien of appellants on that property subject to either the lien of the material-man or the real estate mortgagees. The court erred in so decreeing. The decree is reversed and the cause remanded.

*Reversed and remanded.*