## Malleable Iron Range Company, Appellee, v. Charles M. Pusey, Appellant.

### Gen. No. 14,535.

1. SURETYSHIP—*what does not preclude recovery upon guaranty.* A corporation intended to be protected by a written contract of guaranty may recover thereon notwithstanding it is not actually named in such contract.

2. SURETYSHIP—*contract of guaranty construed.* Held, that a provision as follows, "It is understood that the undersigned shall not be liable under this guaranty for an amount to exceed $3,200" is a limitation not on the amount of credit to be extended to the principal but on the liability of the guarantor.

3. AMENDMENTS AND JEOFAILS—*what authorized.* A correction in the name of a sole plaintiff is authorized by section 23 of the Practice Act.

4. DISMISSAL—*what equivalent to.* The filing of an amended declaration as to but one of the several defendants originally named, is equivalent to the dismissal as to the other defendants.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed May 11, 1909.

**Statement by the Court.** This is an appeal by the defendant from a judgment on a directed verdict for the plaintiff for $4,000 damages.

The recovery was on the following instrument:

"For and in consideration of the sum of one dollar to each of us in hand paid, and in consideration of the granting of credit and shipment of goods by the Beaver Dam Malleable Iron Range Company, of Beaver Dam, Wisconsin, a corporation, to Francis H. Buzzacott, northeast corner Seventy-fourth street and Storms avenue, Chicago, Illinois, we, Charles M. Pusey of Chicago, Illinois, and Francis H. Buzzacott of Chicago, Illinois, for ourselves, and for our heirs, executors, administrators and assigns, do hereby jointly and severally guarantee to the said Beaver Dam Malleable Iron Range Company, their heirs, executors, administrators and assigns, the payment of

any and all indebtedness now due, or hereafter to become due, to the said Beaver Dam Malleable Iron Range Company, their heirs, executors, administrators and assigns, from the said Francis H. Buzzacott, for goods heretofore purchased, shipped or ordered from the said Beaver Dam Malleable Iron Range Company by the said Francis H. Buzzacott or for any goods which may thus be purchased, shipped or ordered any time in the future.

It is hereby understood and agreed that the undersigned shall not be liable under this guaranty for an amount to exceed three thousand two hundred dollars ($3,200).

The undersigned hereby waive notice of the acceptance of this guaranty and of the amount of indebtedness now existing or which may hereafter exist from time to time, from the said Francis H. Buzzacott to said Beaver Dam Malleable Iron Range Company.

In witness whereof, we have affixed our hands and seals at the City of Chicago, State of Illinois, this 17th day of June, A. D. 1902.

In presence of:

JAMES DAVIS.        FRANCIS H. BUZZACOTT.   (SEAL)
TILLIE BUZZACOTT.   CHAS. M. PUSEY.          (SEAL)''

There is no such corporation as The Beaver Dam Malleable Iron Range Company, but the name of the corporation with which Buzzacott had had dealings was Malleable Iron Range Company. The action was originally debt, brought by "The Beaver Dam Malleable Iron Range Company," plaintiff, against both Buzzacott and Pusey. April 28, 1905, after both defendants had pleaded, the following order was made in the cause:

"On motion of plaintiff's attorney it is ordered that all papers and proceedings in said cause be and are hereby amended by changing the title of the plaintiff to read Malleable Iron Range Company, and by changing the form of action herein to assumpsit and by increasing the *ad damnum* herein to four thousand dollars, and leave be and is hereby given the plaintiff to file an amended declaration herein instanter and it

is ordered that defendant Charles M. Pusey be and is hereby required to plead to said amended declaration within ten days from this date.''

On the same day, Malleable Iron Range Company, plaintiff, filed its declaration in assumpsit on said instrument against Charles M. Pusey, defendant. The declaration averred that the defendant Pusey, jointly and severally, with Buzzacott, did guarantee the plaintiff, ''under the name and style of The Beaver Dam Malleable Iron Range Company,'' etc.

The defendant pleaded to the declaration, and after issue joined the case was submitted to a jury and a verdict for the plaintiff was directed by the court. The court overruled the motion of defendant for a new trial, and from a judgment on the verdict defendant prosecutes this appeal.

CHARLES A. PHELPS, for appellant.

PECKHAM, PACKARD, AP MADOC & WALSH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

November 19, 1901, Buzzacott made a contract with the Dauntless Manufacturing Company, a Wisconsin corporation carrying on business at Beaver Dam, Wisconsin, by which said company agreed to manufacture for Buzzacott five hundred army ranges at, and he agreed to pay therefor, $20 each. The name of the Dauntless Manufacturing Company was changed February 2, 1902, to Malleable Iron Range Company. Said corporation manufactured and delivered to Buzzacott ranges under said contract from time to time after the making thereof down to August 22, 1902. The guaranty sued on was executed June 17, 1902.

Appellant contends that the plaintiff has no right to recover on the guaranty because it is not the corporation named therein. If the makers of the instrument sued on intended thereby to guarantee the plaint-

iff in the judgment, the Malleable Iron Range Company, the instrument was not invalid because the name of the corporation mentioned in the instrument was the Beaver Dam Malleable Iron Range Company, instead of the Malleable Iron Range Company.  The corporation intended to be guaranteed could recover on proper averment and proof that it was the corporation intended to be guaranteed.

In Peake v. Wabash R. R., 18 Ill. 88, 90, it was said: "Instruments in writing are not void because made to a party by the wrong name and any misnomer, or apparent variance, may be reconciled in pleading by averment and avoided in effect by proof."

"There is a general concurrence of modern authority to the effect that 'a misnomer or variance from the precise name of the corporation in a grant or obligation by or to it is not material if the identity of the corporation is unmistakable either from the face of the instrument or from the averments and proof.' "    1 Thompson on Corporations, Sec. 294.

To same effect are: N. W. Distilling Co. v. Brandt, 69 Ill. 658; Board of Education v. Greenebaum, 39 *id.* 609; Trustees v. Rodgers, 7 Ill. App. 33; African Soc'y v. Varick, 13 Johnson, 38; Hoboken Bdg. Assn. v. Martin, 13 N. J. Eq. 427.

The declaration avers that the instrument sued on was made with the plaintiff: "under the name and style of the Beaver Dam Malleable Iron Range Company."  The evidence for the plaintiff supports the averment, and there is no evidence to the contrary. We think that under the averment and proof, the plaintiff could recover on the guaranty.

The case is not one where a new plaintiff was substituted for an original sole plaintiff, but one in which an error in the name of the plaintiff was corrected, and such a correction by amendment is authorized by section 23 of the Practice Act.

The filing of an amended declaration against Pusey alone operated as a dismissal of the action as to Buz-

zacott, the other defendant. Black v. Womer, 100 Ill. 328; McLachlan v. Pease, 171 *id*. 527. The amended declaration was filed April 28, 1905, and from that date Buzzacott ceased to be a defendant. The trial was upon issues joined between the plaintiff and Pusey, the sole defendant, and the court properly refused to entertain a motion by Buzzacott, made long after he ceased to be a defendant, for a default on what is called his "plea of set off," and properly struck from the files his motion for a new trial.

The suit might originally have been brought against Pusey alone, and the dismissal of the suit as to Buzzacott did not work a discontinuance of the suit as to Pusey, but the plaintiff might, after such dismissal, proceed to final judgment against him. Kasper v. The People, 230 Ill. 342.

In August, 1902, Buzzacott had taken a part only of the five hundred ranges he had agreed by the contract of November 19, 1901, to take from the plaintiff. He claimed that certain of the ranges which had been delivered to him were defective and that by reason of such defects he had sustained damages. August 12, Buzzacott wrote plaintiff as follows:

"Louisville, Ky., Aug. 12th, 1902.
Malleable Iron Range Co.,
    Beaver, Dam, Wis.
Gentlemen:
I enclose herewith a letter which speaks for itself. I am at Jeffersonville, making repairs on these ranges and will do my best to off-set the broken grates and to place these ranges in condition—in view, however, of these facts, it will be well to request you to kindly make and put into shape, the one hundred ranges you are now working on and in view of the circumstances will ask you to kindly cancel my contract with you for balance of ranges. I will pay you for all ranges made to date in full and suffer the expense of loss from breakage myself asking only that you turn over to me at cost, all castings that you have on hand or in the sand, together with the patterns for cash, to date. Otherwise I must hold you responsible for the loss

on deliveries that is inflicted on me by the quartermaster's department, and the entire cost of this breakage, freight and general repairs.

Any castings that you have on hand will be taken at cost so as to clean up matters—so as I can have these ranges built—elsewhere from the castings in a way they won't break.

I will thank you for honest consideration and will ask you to write me in full to the above address.

I want to settle with you in full and will assume the loss if you will release the terms of my contract on my accepting at cost castings on hand, which, in my estimation, is getting rid of a bad job, without loss on your part.

Regretting the matter, I am

Very respectfully,

BUZZACOTT.''

To which plaintiff, by A. C. Terrell, its superintendent, replied as follows:

"Beaver Dam, Wis., Aug. 14th, 1902.

Buzzacott,

Louisville, Ky.

Your letter of the 12th at hand, and in reply will say that the terms you speak of for settlement is perfectly satisfactory to us if agreeable to you, but in view of the fact that there was a kick coming on the fifty-one ranges shipped last lot, we will hold this lot of one hundred until next week, and we want you to come to Beaver Dam and inspect every range before we load it, and, if there is anything that is not satisfactory, we are only too willing to make it so. It is much better to fix it up here than to cause you the annoyance of going to Louisville and going over it there.

We are at loss to understand what can be the matter with any of these ranges as every one of them left our place in perfect condition.

Kindly let us know just what day you will be here so that we can get everything in shape so that it will not take more than one day of your time in Beaver Dam.

Respectfully,

A. C. TERRELL.

P. S.   We have about $800.00 worth of sheet iron, or one car load, on hand, that is just the right size for your ranges which we would gladly dispose of at the market price.   We would like to have you take this as it cuts to disadvantage in our work.

A. C. T."

These letters constitute a contract between Buzzacott and the plaintiff, by which Buzzacott, in consideration that the plaintiff would cancel the contract for the balance of ranges not yet delivered, other than the one hundred on which plaintiff was then working, agreed to suffer the loss from defective ranges theretofore delivered himself.   The existence of the guaranty did not affect the right of Buzzacott and the plaintiff to make such contract.   Buzzacott thereby waived or released for a sufficient consideration his claim for damages on account of defects in the ranges theretofore delivered to him by the plaintiff.   The court did not err in refusing to admit evidence tending to prove the damages which Buzzacott had released.

The guaranty sued on is a continuing guaranty. The provision that: "It is understood that the undersigned shall not be liable under this guaranty for an amount to exceed $3200," is a limitation, not on the amount of credit to be extended to Buzzacott, but on the liability of the guarantor.   Taussig v. Reid, 145 Ill. 488, 496, and cases there cited.

The evidence shows an indebtedness in excess of $3200 to the plaintiff from Buzzacott for goods purchased, shipped or ordered by Buzzacott before the making of the guaranty and for goods thus purchased, shipped or ordered after the making of the guaranty. The payment of this indebtedness by Buzzacott to the plaintiff the defendant guaranteed.

The sum of $3200 with interest from the beginning of the suit to the trial exceeded $4000.   We think the court did not err in directing a verdict for plaintiff for $4000, nor in denying the motion of the defendant for a new trial, and the judgment will be affirmed.