602    APPELLATE COURTS OF ILLINOIS.

Terre Haute Trust Co. v. Wells Whip Co. et al., 210 Ill. App. 602.

## Terre Haute Trust Company, Appellee, v. Wells Whip Company and M. J. Ritter, Appellants.

1. ESTOPPEL, § 33*—*when grantees at execution sale of mortgaged premises are estopped to insist that mortgagors were not owners of premises.* The grantors in a deed expressly subject to a mortgage, who execute the mortgage on the premises as owners and warrant the title in fee simple in making the mortgage, cannot insist, so far as the holder of the mortgage is concerned, that they are not the owners of the premises and as such authorized to execute the mortgage, and one acquiring title to the property through execution sale against the grantee is equally estopped.

2. MORTGAGES, § 226*—*when presumed that grantee included mortgage debt in purchase price.* A grantee who takes a conveyance subject to a mortgage is presumed to have included the mortgage debt in the purchase price, and is not permitted to dispute the validity of the mortgage, being in such respect in the same position as one who expressly assumes the mortgage.

3. EQUITY, § 115*—*when trustees may not complain that cestuis que trust were not parties to bill for foreclosure.* On a bill to strictly foreclose a mortgage given by trustees of an estate, *held* that defendants could not complain that the *cestuis que trust* were not made parties where they had opportunity in their cross-bill to make them parties and failed to do so.

Appeal from the Circuit Court of Richland county; the Hon. JOHN C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

JOHN C. RITTER, for appellants.

JOHN A. MACNEIL and C. A. ROYSE, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellants prosecute this appeal from a decree of strict foreclosure rendered by the Circuit Court of Richland county, in favor of appellee. The record discloses that on November 2, 1885, Rebecca A. H. Maxon by her will devised to Frances A. M. Wright,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

her daughter, and to Hartwell. B. Wright, her son-in-law, a certain farm owned by her situated in Richland county, viz.: "To have and to hold said premises, lands and tenements in trust, during their entire lives, for the use and benefit of the grandchildren of said Hartwell B. Wright, and I give to my said trustees the sole control over said farm, with power to sell the same at private sale, and to convey the same in fee simple at their discretion and to reinvest the proceeds of such sale or sales in any property or securities that they deem best; but all such property or securities shall be held by them in trust only, for the uses aforesaid, but none of the above mentioned property shall be or become liable to be seized or sold for the debts of said Frances A. M. Wright or Hartwell B. Wright."

Said will further provided: "If at the time of my death I leave any property, real or personal, or rights or credits not fully disposed of by the prior clause of this will I direct that they be added to and become part of the trust fund aforesaid." Said devisees were named as executors of said will to serve without bond.

Rebecca A. H. Maxon died prior to July 18, 1906; said will was admitted to probate and said devisees were appointed executors thereof.

The record further discloses that said testatrix after making said will exchanged said above-mentioned farm for 40 feet off of the north end of Lots 1 and 2 in Block 17 in A. Kitchell's Second Addition to Olney, which said last-mentioned property she owned in fee simple at the time of her death. On July 18, 1906, the said Hartwell B. Wright and Frances A. M. Wright executed a mortgage to appellee on said last above-mentioned real estate to secure a note. for $1,500, due 5 years after date with interest payable semiannually, which said mortgage was thereafter on the 28th day of August filed for record in the re-

604 APPELLATE COURTS OF ILLINOIS.

Terre Haute Trust Co. v. Wells Whip Co. et al., 210 Ill. App. 602.

corder's office of said county. On March 12, 1908, said Hartwell B. Wright and Frances A. M. Wright conveyed by warranty deed said above mortgaged premises to the Olney Telescope & Harness Company, subject to said above-mentioned mortgage of $1,500. Said deed contained the following recitation: "Subject to a mortgage of sum of $1,500 now held by Terre Haute Trust Company, Terre Haute, Indiana."

In July, 1909, the United States Whip Company obtained a judgment against the Olney Telescope & Harness Company. On June 11, 1910, judgments were obtained against said Harness Company by appellant, Wells Whip Company, the First National Bank of Olney and John C. Ritter, trustee. Thereafter on November 19, 1911, said above-mentioned premises were sold on execution by the sheriff of said county and appellant M. J. Ritter became the purchaser thereof. On July 3, 1912, a bill was filed by appellee to foreclose said above-mentioned mortgage for $1,500, to which said bill certain judgment creditors of said Olney Telescope & Harness Company, together with appellants, were made parties defendant, all of whom were served with process with the exception of Wells Whip Company and M. J. Ritter. A decree of foreclosure was rendered and on August 30, 1913, said premises were sold under said decree to appellee for $1,929.78, in satisfaction of said decree and costs. Thereafter said sale was approved and on December 29, 1914, a deed for said above-described premises was executed by the master conveying said premises to appellee. Prior thereto a deed had been executed by the sheriff on the sale made by him. Appellant M. J. Ritter, the purchaser, had gone into possession under said deed. At the July term, 1916, of the Circuit Court of said county, appellee filed its bill setting forth the making of said above-mentioned mortgage, by Frances A. M. Wright and Hartwell B. Wright, and making appellants parties to said bill and praying

a foreclosure of their equity of redemption. Appellants filed an answer to said bill and a cross-bill in and by which they aver that said mortgage executed by Frances A. M. Wright and Hartwell B. Wright was without authority and was in violation of the trust created by said will in favor of the grandchildren of said testate. Appellants further aver in their said cross-bill that through the sale of said premises on the judgment taken against said Harness Company, appellant, M. J. Ritter, became the owner in fee of said premises, clear of said mortgage, and pray that the deed executed to appellee by the master be set aside as a cloud on her title. A demurrer, general and special, to said cross-bill filed by appellee was sustained by the court. A hearing was had on the original bill, answer and replication, and a decree was rendered in favor of appellee finding the amount due for debt, interest and costs, $2,287.51, and decreeing that unless appellants within 90 days pay to appellee said amount, with interest, their equity of redemption should be foreclosed, and decreeing that they should surrender the possession of said premises to appellee.

It is first contended by appellants that Frances A. M. Wright and Hartwell B. Wright held the premises in question in trust, and that they had no power or authority to mortgage the same, and that said mortgage, so far as their interests are concerned, is null and void. On the other hand, appellee insists that inasmuch as appellant, M. J. Ritter, claims under the conveyance made by Hartwell B. Wright and Frances A. M. Wright, that she is not in a position to raise this question for the reason that said deed specifically provides that it is made subject to said mortgage. We hold appellee's point well taken. The grantors in said deed, having executed said mortgage as the owners of said premises and having warranted the title in fee simple in making said mortgage, are not in a position to insist so far as the holder of the mortgage is con-

cerned that they were not the owners of said premises
and as such authorized to execute said mortgage.
*Roderick v. McMeekin*, 204 Ill. 636; *Trustees of Schools
v. Wilson*, 215 Ill. 356. The law further is that all
persons claiming under a grantor are equally estopped.
*Pinckard v. Milmine*, 76 Ill. 454; *Orthwein v. Thomas*,
127 Ill. 554; *Towle v. Quante*, 246 Ill. 568.

In *Orthwein v. Thomas, supra,* the court at page
561 says: "It is manifest that the recitals of fact in
this deed operate by way of estoppel upon Thomas
Osborn, and, after its record in the proper county,
August 9, 1827, upon his grantees. As was said in
*Pinckard v. Milmine*, 76 Ill. 453: 'We recognize the
doctrine of estoppel by the recitals in a deed, and that
a party claiming under such deed cannot be permitted
to deny any fact admitted to exist by such recitals,'
citing *Byrne v. Morehouse*, 22 Ill. 603, and *Rigg v.
Cook*, 4 Gilm. [9 Ill.] 336; and adding: 'The principle
of these cases is, that whatever rights legitimately
arise on such admitted facts may at all times be as-
serted, whether it be to obtain or defend the possession
of such rights.' "

In *Towle v. Quante, supra,* the court in discussing
privity of estate says at page 573: "The term 'pri-
vity' denotes mutual or successive relationship to the
same rights of property, citing 1 Greenleaf on Evi-
dence (15th Ed.), sec. 189; *Union Nat. Bank v. Inter-
national Bank,* 123 Ill. 510. This relationship may be
by operation of law, by descent, or by voluntary or
involuntary transfer from one person to another. 'All
privies are in effect, if not in name, privies in estate.
They are bound because they have succeeded to some
estate or interest which was bound in the hands of
its former owner.' Citing Freeman on Judgments
(3rd Ed.), sec. 162; *Orthwein v. Thomas*, 127 Ill. 554.
Privies are estopped from litigating that which is con-
clusive upon him with whom they are in privity.
(*Hunt v. Haven,* 52 N. H. 162; 32 Cyc. 393, and note;

6 Words and Phrases, p. 5607.) Plaintiff in error derived all of her title to this property by descent or purchase from Critchlow. There is such privity existing between them that whatever is binding upon Critchlow is binding upon plaintiff in error."

It is also insisted by appellee, as answer to appellants' contention, that it is presumed as a matter of law that inasmuch as the deed from the Wrights to said Harness Company recites that it is made subject to a mortgage of sum of $1,500 "now held by the Terre Haute Trust Company, Terre Haute, Indiana," said mortgage was taken into account as a part of the consideration of said conveyance. We are of the opinion that this point is well taken. The rule as stated by Pomeroy in his Equity Jurisprudence, sec. 1205, is that: "A grantee who thus takes a conveyance subject to a mortgage is presumed to have included the mortgage debt in the purchase price, and is not, therefore, permitted to dispute the validity of the mortgage; in this respect he is in the same position as one who expressly assumes the mortgage."

In *Maher v. Lanfrom,* 86 Ill. 513, the court at page 522 says: "Where the grantee contracts with a view to the incumbrance, or is informed of its existence and fails to obtain permission to urge the defense, or fails to take covenants against the incumbrance, the presumption is that the incumbrance, as it appears on its face, formed a part of the consideration he was to pay for the property, and it would be inequitable to permit him to escape its burden."

In *Essley v. Sloan,* 116 Ill. 391, the court in discussing this question at page 399 says: "He and his grantor purchased with full knowledge of this incumbrance, and paid, presumably, only the excess of the value of the lands over and above the amount of the liens thereon, and took his interest in the lands —the equity of redemption—subject to their payment. It would be inequitable, after his having received the

benefit of the incumbrances by deducting the amount thereof from the consideration paid for the land, to permit him to keep it himself, and not apply it to the purpose for which it was set apart and reserved in his hands.''

Appellants further contend that to affirm the decree in this case would be a fraud on the rights of the grandchildren of the testatrix who are the real beneficiaries of the property in question. This question does not arise at this time, as said beneficiaries are not parties to said proceeding and the court is not here adjudicating on their rights and nothing in this opinion is to be taken as indicating any adjudication of the rights of said grandchildren.

Appellants further contend that the grandchildren should have been made parties to this proceeding. Appellants are in no position to urge this objection, especially in view of the fact that in the cross-bill filed by them they had an opportunity to make the grandchildren parties and bring them into court—this they failed to do. They cannot now complain.

Other errors were assigned, but in view of what we have already said it is not necessary to discuss them.

The decree will therefore be affirmed.

*Decree affirmed.*