IN THE MATTER OF THE APPLICATION OF LARA P. GOOD FOR A WRIT OF HABEAS CORPUS.

No. 1433.

ORIGINAL.

ARGUED OCTOBER 13, 1922.                    DECIDED OCTOBER 26, 1922.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE IN PLACE OF PETERS, C. J., DISQUALIFIED.

BONDS—*requisites and validity—obligees.*
   A bond given in compliance with R. L., Sec. 3007, for appearance and for performance of the judgment is valid even though it runs to the clerk of the court instead of to the Territory.

BASTARDS—*procedure—bond for performance of judgment.*
   In a bastardy proceeding an accused who has furnished a valid bond before judgment, in compliance with R. L., Sec. 3007, and the order of the court thereunder, cannot be required, after judgment, to furnish an additional bond under Sec. 3009.

OPINION OF THE COURT BY PERRY, J.

The petitioner was heretofore charged by the prosecuting department of the City and County of Honolulu, by information filed in the circuit court of the first judicial circuit, with being the father of an unborn child of an unmarried woman. After a preliminary examination the circuit court ordered the petitioner's arrest and required him to enter into a bond in the sum of fifteen hundred dollars conditioned for his appearance and for the performance by him of such judgment as might be rendered in the cause and a bond as so required was furnished by the petitioner. After trial on the merits a decree was rendered adjudging that the petitioner was the father of the said child, then born, and ordering him to pay to the mother the sum of $480 per annum for the support, main-

tenance and education of the child. Thereafter by an amended decree the petitioner was ordered to secure the carrying out of the decree by furnishing a bond in the sum of $5000. Upon the petitioner's failure to furnish this second bond he was committed to jail. These *habeas corpus* proceedings were thereupon instituted to test the validity of the requirement of the second bond.

The contention of the petitioner is that, having furnished a bond before judgment, he cannot lawfully be required to furnish a second bond after judgment. The contention of the Territory on the other hand is, first, that the fifteen hundred dollar bond is invalid because the obligee is the clerk of the court and not the Territory of Hawaii and, second, that even if the fifteen hundred dollar bond is valid the court had jurisdiction to require a second bond after judgment.

In our opinion the fifteen hundred dollar bond is valid. It is true that the statute (R. L. Sec. 3007) provides that the bond which may be required upon preliminary examination shall be "to the Territory of Hawaii" and that the bond as given runs to "Henry Smith, Clerk of the Circuit Court of the First Judicial Circuit, Territory of Hawaii, and his successors in office," but this difference in the name of the obligee is an immaterial one. While there are some authorities to the contrary it is well established by what seems to be the weight of authority that if a statutory bond which is in form an enforceable obligation shows upon its face that it was intended by all of the parties concerned to be in compliance with the statutory requirement and to fulfill the statutory purposes and further shows that the obligee therein named is in reality a trustee for those who under the law and the circumstances of the case are meant to be the real beneficiaries, the variance in the name of the obligee will not be deemed material and the bond is valid. The weight of reason

likewise supports this view. All the parties concerned clearly understood that the clerk of the court as such was being named as the obligee and that the bond was in compliance with and in effectuation of the purposes and requirements of the statute. They all understood that the bond was to secure the appearance of the principal obligor and the performance by him of the judgment to support the child. The condition correctly expresses these requirements and purposes. The bond as written makes it clear that Henry Smith personally was not the obligee. It makes it clear further that as obligee Henry Smith is serving in the capacity of clerk of the court and as trustee for the real beneficiaries, to-wit, the Territory and the child. It would be inequitable to permit the main obligor, after he had secured his freedom upon the strength of the bond as so given, to repudiate his obligations thereunder (it should be noted that he is not in this proceeding seeking to do so). It would likewise be inequitable in its results to permit the Territory, after obtaining this security in the name of a trustee approved by it, to now repudiate the bond in order to obtain another bond in a larger sum,—if the statute in reality prohibits the requirement of a second bond after a first valid bond. In *Bay County* v. *Brock,* 44 Mich. 45, in which the defect in the bond was that it named "the County of Bay" as the nominal trustee instead of "the State of Michigan" the court said: "The State, or, what is equivalent, the people of the State, * * * is made the obligee, as mere naked trustee for those who might become entitled to the protection of the bond." The defect under consideration "seems at first blush a very small error to have such important consequences; for the obligee named in the bond has no active duty whatever to perform, being neither consulted when the bond is taken nor afterwards when it is sued, and having in fact no control whatever over it except as a public

officer holds it for safe-keeping. * * * Any bond that may voluntarily be given to a party for his benefit will be equally valid if given to another for him. * * * Now this *quasi* judicial board, in taking and approving the official bond of a county officer have decided that it is proper to name the county therein as obligee. In doing so they have not complied with the strict letter of the law, which required a bond to the people of the State. No one questions that the bond taken is equally proper, equally convenient and equally effectual provided the law will admit of its being taken and I doubt if any good reason can be assigned for requiring the bond to be taken to the people rather than to the county, as the supervisors decided to take it. And my opinion is that while the statute ought to have been obeyed literally, yet that in so far as it names the nominal obligee in the bond, it is to be regarded as a directory provision merely. The obligee is not named because of any interest in the condition, but merely that there may be a promisee and a party in whose name to bring suit; nothing of importance depends upon its being the State rather than the county; the condition is the important requirement, and the naming of an obligee is the merest formality possible, so that if the instrument omitted to name one, as the statute evidently contemplates shall be done in the case of a constable (Comp. L. Sec. 723), the substance of the undertaking would still remain."

"It will not be urged, we presume, that it is essential to the validity of the bond that it should be literally in compliance with the statute. The statute is directory and, if the bond is subsantially as required, there is no valid objection. * * * Where an obligation is given to one by a wrong name, it would be highly unjust to permit the obligor to escape liability upon this ground. He knew when he gave it how the obligee was described, and having obtained the advantage or received the trust to which the

giving of the bond was a necessary condition precedent, he cannot be heard to say that though the description was intended for the obligee, yet as it is not strictly accurate, there shall be no liability. Such a defense is without the support of reason or authority." *Trustees* v. *Rodgers,* 7 Ill. App. 33, 36, 37.

To the same effect are *Speir* v. *Trust Company,* 31 D. C., App. Cs., 476, 482, 484; *State* v. *Wood,* 10 S. W. (Ark.) 624, 625; *Ihrig* v. *Scott,* 5 Wash. 584, 587; *Horn* v. *Whittier,* 6 N. H. 88, 94; *Leavitt* v. *Goggin,* 11 B. Mon. (Ky.) 229, 230; *Board of Education* v. *Grant,* 107 Mich. 151, 155; 9 C. J. p. 12, Sec. 13; pp. 24, 25, Sec. 39.

The principal obligor in this bond would be unable to escape his obligations under it on the plea that the obligee had been misnamed. The same rule holds good when the same objection is made by the Territory.

The bond given upon preliminary examination being valid, would the court below have authority after judgment to require the production of a second bond?

It is undoubted that at common law the putative father was under no legal obligation to support his illegitimate child. The obligation of support rested solely upon the mother. 7 C. J., 955; 3 A. & E. Ency. L., 889; *St.* v. *Tieman,* 73 Pac. (Wash.) 375, 376; *Nixon* v. *Perry,* 3 S. E. (Ga.) 253; *Mercer* v. *Admr.,* 7 S. W. (Ky.) 401; *Glidden* v. *Nelson,* 15 Ill. App. 297, 300; *St.* v. *Hausewedell,* 102 N. W. (Minn.) 204. By statute in Hawaii and in many other jurisdictions the rule has been created that the father is liable. It follows, of course, that the extent of the liability and the remedies for its enforcement are such only as are prescribed or permitted by the terms of the statute creating the liability. Section 3009, R. L., which is a part of the chapter relating to the support of bastards, is the only provision in our statutes concerning the requirement of a bond after judgment. That section provides that "an accused who has failed to execute bond before judgment,

if he shall be adjudged to be the father of the child, shall thereupon enter into bond, with sureties, conditioned for the payment of the sum or sums adjudged in such installments and in such manner as the court shall direct." The statement that an accused "who has failed to execute bond before judgment" can be required to enter into a bond for the payment of the judgment necessarily contains within itself an inhibition against the requirement of such a bond from one who has not failed to execute a bond before judgment. The language of the statute seems to us to be entirely unambiguous and too clear to admit of doubt. The provision may be an unfortunate one in restricting too narrowly the remedies available to the child or to the Territory; but that is an argument to be addressd to the legislature and one of which we cannot take cognizance. Even if it could be held, as probably it could not be, that in the absence of a direct provision upon the point the court, having been once given jurisdiction to decree the support of an illegitimate by its father, would have inherent power to facilitate or secure the performance of the judgment by requiring a bond, still the language of the present statute would have to be regarded as excluding the exercise of that otherwise inherent power. A construction that, irrespective of the execution or the failure of execution of a bond before judgment, a bond after judgment can be required, would entirely nullify and wipe out the express qualification inserted by the legislature that only those accused who have "failed to execute bond before judgment" shall thereafter enter into a bond for the payment of the sums awarded to or for the benefit of the child.

It is contended by the Territory that the bond provided for by section 3007, to be given upon preliminary examination, is not and can not be a bond conditioned for the payment of the sums awarded by the judgment and in

support of this contention cases are cited in which the word "abide" was held not to mean or include payment of a money judgment. Whatever niceties of construction are possible with reference to the word "abide" there is no room for them with reference to the meaning of the verb "perform" when used with relation to a judgment. The bond mentioned in section 3007 is expressly declared to be for appearance and trial in the juvenile court and to "perform" the judgment of such court. In ordinary everyday legal language to "perform" a judgment is to comply with and execute it in all respects and if the judgment includes an order for the payment of money the performance of that judgment is understood to include the payment of it. This is not a strained meaning to be attributed to the word. We understand it to be so used in section 3007.

In our opinion the court below was without jurisdiction to require the second bond after judgment and the petitioner is therefore ordered discharged from custody.

*B. S. Ulrich* (*Thompson, Cathcart & Ulrich* on the brief) for petitioner.

*W. H. Heen,* City and County Attorney, for respondent.